# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| **Case Title:** | Philip J. Montoya v. Felix Carbajal Valencia |
| **Case Number:** | 05-01277 |

### Document Information

| | |
|---|---|
| **Description:** | Order Denying [5-1] Motion For Summary Dismissal by Felix Carbajal Valencia . |
| **Received on:** | 2006-03-14 10:45:00.000 |
| **Date Filed:** | 2006-03-14 00:00:00.000 |
| **Date Entered On Docket:** | 2006-03-14 00:00:00.000 |

### Filer Information

| | |
|---|---|
| **Submitted By:** | Patti Hennessy |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: FELIX CARBAJAL VALENCIA, Jr.,     Case No. 7-05-14976 ML
        Debtor.

PHILIP J. MONTOYA, Trustee,
        Plaintiff,

v.         Adversary No. 05-01277 M

FELIX CARBAJAL VALENCIA, Jr.,
        Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant's Motion to Dismiss Under FRCP Rule 12(b)(6) for failure to state a claim. This adversary proceeding was commenced by the Complaint to Recover Fraudulent Transfer and for Turnover (the "Complaint") filed on December 7, 2005 by the Trustee, Phillip J. Montoya ("Plaintiff").

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012,Fed.R.Bankr.P. In considering a motion to dismiss, the Court must accept all well-pleaded facts of the Complaint as if they were true, and construe such facts in the light most favorable to the Plaintiff. *In re Sheffield Steel Corp.,* 320 B.R. 405, 411 (Bankr.N.D.Okla.. 2004) (citing *Ballen v. Prudential Bache Securities, Inc.,* 23 F.3d 335, 336 (10th Cir. 1994)). Dismissal for failure to state a claim is appropriate only when the movant has demonstrated that the Plaintiff can prove no set of facts that would entitle him to recovery. *See In re American Freight System, Inc.,* 179 B.R. 952, 956

1

(Bankr.D.Kan. 1995) (citing *Conley v. Gibson,* 355 U.S. 41, 45-56, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) (remaining citations omitted)). The function of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the law of the claim, not the facts which support it. *In re Bunker Exploration Co.,* 42 B.R. 297, 299 (Bankr.W.D.Okla. 1984) (citation omitted). The Court will consider the Motion to Dismiss in light of these standards.

The Complaint includes the following allegations:

1. Plaintiff is the duly appointed Chapter 7 trustee in the bankruptcy estate of Defendant Felix Carbajal Valencia, Jr.

2. Defendant initiated the instant Chapter 7 proceeding with the filing of a voluntary petition on June 17, 2005.

3. On or about May 19, 2005, Defendant sold two acres of undeveloped real estate, receiving net proceeds of approximately $6,562.00.

4. On or about May 31, 2005, Defendant transferred the proceeds to an Individual Retirement Account.[1]

5. The transfer was made with intent to hinder, delay or defraud then existing creditors.

6. The transfer was made (1) for less than reasonably equivalent value, (2) while the Defendant was insolvent or caused the Defendant to become insolvent, (3) while the Defendant

---

[1] The Complaint outlines two separate transfers made by the Defendant within one year prior to the filing of the petition. The first transfer appears to be the sale of two acres of undeveloped real property. The second transfer appears to be the deposit of the proceeds from the sale of the land into an IRA. The claim for relief put forth by the Complaint appears only to focus on the second transfer involving the deposit of the proceeds into an IRA; therefore, the Court will focus on this transfer.

2

engaged in a business or transaction for which any remaining property of the Debtor was unreasonably small capital, or (4) while the Defendant intended to incur, or believed he would incur, debts beyond his ability to repay as such debts matured.

7. Defendant's transfer of non-exempt property to exempt property within one year prior to the filing of the petition constitutes a fraudulent transfer, within the meaning of § 548 of the Bankruptcy Code.

Accepting these allegations as true, dismissal is appropriate only if the above allegations cannot constitute a fraudulent transfer within the meaning of 11 U.S.C § 548.

Pursuant to 11 USC §548(a)(1)(B), "the trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for such transfer or obligation; and . . . was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation ." 11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I). Thus, under 11 U.S.C. § 548(a)(1)(B), the trustee has the burden to plead and later prove (1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within one year of the filing of the bankruptcy petition; (3) that the debtor was insolvent or was rendered insolvent as a result of the transfer; and (4) that the debtor received less than a reasonably equivalent value in exchange for the transfer. *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 535 (1994). If the trustee successfully establishes these four elements, a

3

presumption of fraud arises under 11 U.S.C. § 548(a)(1)(B). *Official Comm. of Unsecured Creditors v. Liberty Savings Bank, FSB (In re Toy King Distrib., Inc.),* 256 B.R. 1, 141 (Bankr.M.D.Fla.2000).

With respect to these elements and accepting the allegations of the Complaint as true, the Court finds that the Plaintiff's complaint states a valid claim upon which relief may be granted. First, the Plaintiff alleges that the Defendant had an interest in the proceeds of the sale of two acres of undeveloped real property. Next, the Plaintiff alleges that the Defendant transferred the proceeds within one year prior to the filing of the Defendant's Chapter 7 bankruptcy.

The Defendant argues that no transfer exists under § 548 because the proceeds of the sale of the two acres "were, and are, exempt in any form of money or account in accordance with 11 U.S.C. section 522(d) . . . "[2] The Defendant's argument is without merit for several reasons. First, § 548 makes no distinction between the transfer of exempt and nonexempt assets. *In re Bryant*, 221 B.R. 262, 264 (Bankr.D.Colo. 1998). Next, under principals of either actual or constructive fraud, it is possible for a fraudulent transfer of potentially exempt property to be avoided pursuant to § 548. *In re Smoot*, 265 B.R. 128 (Bankr. E.D. Va. 1999), subsequently aff'd, 257 F.3d 401 (4th Cir. 2001). Finally, the "no harm, no foul" concept is no defense to an otherwise fraudulent transfer even when the debtors transferred property that would have been exempt had no transfer

---

[2] The exemptions available to the Defendant prior to filing bankruptcy on June 17, 2005 were the exemptions permitted under State law. Furthermore, under New Mexico state law, the allowed maximum exemption is $500.00 for cash and real estate that is not Debtor's homestead; however, the exemption for an IRA under New Mexico law is unlimited. N. M. S. A. 1978, § 42-10-2.

4

occurred. *In re Trujillo*, 215 B.R. 200, 205 (B.A.P. 9th Cir. 1997), aff'd, 166 F.3d 1218 (9th Cir. 1998).[3]

With respect to the third element, the Plaintiff alleged that at the time of the transfer the Defendant was insolvent or was rendered insolvent.[4] With respect to the final element, the Complaint alleges that the transfer by the Defendant was made for less than reasonably equivalent value. These allegations are sufficient to state a fraudulent transfer claim.

Based on the foregoing, the Court concludes that the Complaint to Recover Fraudulent Transfer and for Turnover states a valid claim for relief under 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, IT IS HEREBY ORDERED, that the Defendant's Motion to Dismiss the Complaint is DENIED.

MARK B. McFEELEY
United States Bankruptcy Judge

---

[3] *In re Trujillo*, 215 B.R. 200, 205 (B.A.P. 9th Cir. 1997) ("No harm, no foul" concept did not apply to prevent avoidance of otherwise fraudulent transfer of Chapter 7 debtors' vehicles and house, despite debtors' contention that no harm was incurred by creditors to extent that the property would have been exempt had it not been transferred by debtors prepetition.)

[4] The Plaintiff argues that because the transfer took place during the ninety days preceding the bankruptcy filing the Defendant was presumptively insolvent. However, the presumption of insolvency does not apply to § 548 causes of action. *In re War Eagle Floats, Inc.*, 104 B.R. 398, 400 (Bankr. E.D. Okla. 1989). Nevertheless, because the Complaint contains an allegation of insolvency which the Court must accept as true for purposes of evaluating a motion to dismiss, the Plaintiff can withstand the motion to dismiss.

5

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties. *Patti G. Hennessy*

| | |
|---|---|
| Moore & Berkson, P.C. | Robert L. Lovett |
| Counsel for Plaintiff/Trustee | Counsel for Defendant/Debtor |
| P.O. Box 216 | 1135 North Solano Dr. |
| Albuquerque, NM 87103 | Las Cruces, NM 88001 |